## CROSS et al. v. EVANS.

### (Circuit Court of Appeals, Fifth Circuit. May 4, 1895.)

### No. 15,891.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NEW PARTIES.

An action brought in a state court, against federal railroad receivers, to recover damages for personal injuries occasioned while they were operating the road, was removed by them to the circuit court for the Eastern district of Texas, on the ground of diverse citizenship. Thereafter, by order of the appointing court, the railroad property was transferred by the receivers to a new corporation organized under the laws of Texas, the court reserving jurisdiction over the litigation for the purpose of enforcing existing claims against the receivers and the railroad property. The plaintiffs then, by amended pleadings, made the Texas corporation a party defendant. Quære: Whether, on these facts, the Texas corporation was properly made a party defendant. (Question certified to supreme court.)

2. SAME—JURISDICTION OF FEDERAL COURT.

Quære: Whether, under such circumstances, the federal court for the Eastern district of Texas had jurisdiction and authority to try and determine the issues arising on the record between the plaintiff and the said Texas corporation, and give judgment accordingly. (Question certified to supreme court.)

3. JURISDICTION OF CIRCUIT COURT OF APPEALS—REVERSAL OF JUDGMENT.

Quære: Whether, in case said corporation was improperly made a party, and in case the said court had no jurisdiction to try such issues,—it having nevertheless rendered a judgment for money damages against the Texas corporation, and discharging the receiver from responsibility,—the circuit court of appeals would have jurisdiction and authority, on a writ of error sued out jointly by the receivers and the Texas corporation, to reverse such judgment in toto, and direct a dismissal of the case as against such corporation, and award a new trial against the receivers. (Question certified to supreme court.)

4. SAME.

Quære: Whether, in the case last above stated, if the circuit court of appeals is without such jurisdiction and authority, it would yet have authority to reverse the judgment and remand the cause, with instructions to remand the whole cause to the state court from which it was removed.

Error to the Circuit Court of the United States for the Eastern District of Texas.

Certificate of questions upon which the decision of the supreme court of the United States is desired by the circuit court of appeals.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. This cause came on to be heard on the transcript of record, showing the following:

The suit was filed originally in the district court of Wood county, Tex., on the 5th day of March, 1891, against George A. Eddy and H. C. Cross, receivers of the Missouri, Kansas & Texas Railway, by J. M. Evans, to recover damages on account of personal injuries alleged to have been inflicted on him on the 1st day of September, 1890, while said Cross and Eddy were operating said railway as receivers,

under the appointment of the United States circuit court for the Northern district of Texas. It was alleged that plaintiff, at the time he was injured, was employed on the Taylor, Bastrop & Houston Railway; that their road was a part of the system of the Missouri, Kansas & Texas Railway, and was operated by the receiver. The plaintiff, in his original petition, alleged that he received serious and permanent injuries; among others, the loss of a leg. He was working as a brakeman for said receivers, when a wreck occurred, derailing the train, inflicting upon him the injuries because of which he brought the suit. It was alleged in said original petition that the wrecking of said train was brought about by the drawhead of the fifth or sixth car, or other car in said train of cars, pulling out and dropping down on the track, catching on the ties, and jamming the cars back, and throwing them off the track and into a creek. It was charged that the drawhead was old, defective, out of repair, and in no fit condition to serve for the purpose for which it was intended; that by reason of the bad and defective drawhead the wreck occurred, and plaintiff was injured. This was the only ground of negligence alleged in plaintiff's original pleading. On the 20th day of April, 1891, Eddy and Cross filed their petition and bond for removal of said case in the district court of Wood county, Tex., on the grounds of diverse citizenship, Eddy and Cross alleging that they were citizens of Kansas, and on the further ground of federal question involved; and on the 4th day of May, 1891, the bond was approved, the petition granted, and the cause removed to the United States circuit court for the Eastern district of Texas, sitting at Tyler. On the 23d day of August, 1892, plaintiff filed his first amended original petition, complaining of Eddy and Cross, as receivers, and also of the Missouri, Kansas & Texas Railway Company incorporated under the laws of Texas, though he did not give it its full corporate name. He alleged that since the filing of the suit all properties in the hands of the receivers had passed into the hands of the railway company. In this petition, in addition to the grounds of negligence set out in the original petition, plaintiff, for the first time, alleged further grounds of negligence upon the part of the receivers, substantially as follows:

"That the track, at the point where the cars were derailed, was out of repair, and in an unsafe- and dangerous condition. That the rails were old and worn; the fish plates without bolts, and partially unfastened; the spikes which should hold the rails in place were loose, and easily turned from their proper place; the ties decayed, in a rotten condition, and crumbled to pieces under the slightest pressure; the roadbed was soft, uneven, and beaten down so as to produce an unsafe track. And that said train of cars upon which plaintiff was riding was overturned by reason of said bad and defective condition of said roadbed, ties, fish plates, and rails."

On the 23d day of August, 1893, plaintiff filed his second amended original petition, complaining of the receivers and of the Missouri, Kansas & Texas Railway of Texas. He alleged the grounds of negligence as in his first amended original petition. While the railway company is styled in plaintiff's first amended original petition the "Missouri, Kansas & Texas Railway Company," it was in truth the Missouri, Kansas & Texas Railway Company of Texas of

which he was complaining, as the petition shows, and which, as hereinafter appears, was the company brought before the court. It further appears that on the 16th day of April, the legislature of the state of Texas enacted a law authorizing the sale and conveyance of the Missouri, Kansas & Texas Railway Company's lines of railroad, heretofore operated as the property of the Missouri, Kansas & Texas Railway, and to provide for and authorize the sale and transfer and conveyance of said lines of railway to, and the purchase and operation thereof by, a single corporation, to be incorporated under the laws of the state of Texas. This act of the legislature was pleaded at length. Among other clauses, it contained a provision by which the railway purchasing the property of the Missouri, Kansas & Texas Railway should be liable for debts and judgments against it and its receivers in the same way that the Missouri, Kansas & Texas Railway itself would have been liable. Under this authorization the pleadings and evidence both showed that a corporation known as the "Missouri, Kansas & Texas Railway Company of Texas" was formed, and about 1891 the lines of railway of the Missouri, Kansas & Texas Railway, including the Taylor, Bastrop & Houston Railway, were duly conveyed to the Texas company. On the 14th day of September, 1893, the Missouri, Kansas & Texas Railway Company of Texas, having been served, filed its original answer. It excepted to the maintenance of the suit against it because it appeared from plaintiff's petition that both it and plaintiff were citizens of the state of Texas, and that, therefore, the court did not have jurisdiction of the suit, as to it. It also raised the same question by answer in pleading to the merits. This defendant excepted to so much of said petition as sought to recover on account of any defects in the rails, ties, or track, because more than one year had elapsed between the receiving by plaintiff of his injuries, and the setting out of any cause of action based upon this ground. It further pleaded that plaintiff's injury was caused from accident in no way brought about by any negligence of the receivers; that, if there was any negligence upon the part of any one, it was upon the part of the plaintiff alone. It further pleaded that the drawheads were in good condition; that the car handled by it was a foreign car; that it had had the drawheads subjected, from time to time, to close inspection; and that such inspection failed to show any defect. It further pleaded that, if plaintiff had any cause of action, it arose against Eddy and Cross while they were operating the Missouri, Kansas & Texas Railway as receivers; that about the 9th day of June, 1888, in a suit in equity pending in the United States circuit court of Kansas, and by ancillary proceedings in the United States circuit court for the Northern district of Texas, George A. Eddy and H. C. Cross were appointed receivers of the Missouri, Kansas & Texas Railway, and all properties of the railway were turned into their hands; that about the 1st day of July, 1891, by virtue of an order of said United States circuit court, all property in the hands of said receivers was by them turned over to the Missouri, Kansas & Texas Railway Company (not the Missouri, Kansas & Texas Railway Company of Texas, but a corporation of that name formed under the

laws of Kansas), and that said George A. Eddy and H. C. Cross were then discharged as receivers of said property; that said courts retained jurisdiction of said properties and of said pending litigation, for the purpose of enforcing against said receivers and said property such claims as might be presented to and allowed by them; that it was further provided in the orders discharging said receivers that all persons having claims against them by reason of causes of action arising during the receivership should present the same on or before the 1st day of January, 1892, and, in event of their failure to do so, their rights should cease and determine. It was further pleaded that plaintiff well knew of such orders and decrees, but failed and refused to intervene. It further appeared from the pleading that Eddy and Cross had been fully and finally discharged as receivers on July 17, 1892, and that due notice by publication regarding persons having claims against the receivers and intervention had been given. On the 14th of September, 1893, Eddy and Cross adopted the answer of the Missouri, Kansas & Texas Railway Company of Texas, it and they for the first time pleading the discharge of the receivers. On the 8th day of January, 1894, the defendants' demurrers, both to the jurisdiction and to the merits, were overruled. The case was tried before a jury, and on the 11th day of January, 1894, resulted in a verdict and judgment for plaintiff, and against the Missouri, Kansas & Texas Railway Company of Texas, for $7,500, but discharging Cross and Eddy, receivers. A motion was made and granted for an extension of time in which to prepare motion for a new trial and bill of exceptions. A motion for a new trial was filed on the 17th day of January, 1894, and was overruled on same day. On the 20th day of February, 1894, a bill of exceptions was duly filed and approved by the court, being within the time allowed by the extension granted by the court. On the 20th day of February, 1894, writ of error was allowed to Receivers Cross and Eddy, and to the Missouri, Kansas & Texas Railway Company of Texas. In the pleadings no allegations were made as to any betterments on the road, and in the proof no evidence was offered as to these. On the trial of the case it appeared that Eddy and Cross had been finally discharged as receivers on the 17th day of June, 1892, and the court directed a verdict for them.

The following is the assignment of errors for review in this court:

"Now come H. C. Cross and George A. Eddy, receivers of the Missouri, Kansas & Texas Railway Company of Texas, and say that in the record and proceedings in this cause there is manifest error, in this, to wit: First. The court erred in overruling defendants' general demurrer. Second. The court erred in overruling the first special exception of the Missouri, Kansas & Texas Railway Company of Texas, adopted by Eddy and Cross, to plaintiff's second amended original petition, because both plaintiff and the Missouri, Kansas & Texas Railway Company of Texas were citizens of the state of Texas, and the United States circuit court for the Eastern district of Texas could not take cognizance of the controversy between plaintiff and said defendant. Third. After inspection of the pleadings and record, and hearing the evidence, it appeared to the court that plaintiff and the Missouri, Kansas & Texas Railway Company of Texas were both citizens of the state of Texas, and the court should have declined to proceed with the case, and attempt to render a judgment in favor of the plaintiff against said railway, because, both being citizens of the same state,

this court was without jurisdiction as to the controversy between them; and, it appearing that the receivers had been discharged, said court should have dismissed the case, or, of his own action should have remanded it to the state court from which it came. Fourth. The court erred in overruling the second special exception of the Missouri, Kansas & Texas Railway Company of Texas, adopted by Eddy and Cross, to plaintiff's second amended original petition, because an inspection of the pleadings showed that plaintiff received his injuries on the 1st day of Septemhber, 1890, and the first day that any claim was made for damages against defendants on account of the defective condition of the rails, ties, or track, or in any other way than having a defective drawhead, was on the 23d day of August, 1892, so that plaintiff's cause of action was clearly barred by the statute of limitations. Fifth. The court erred in refusing to give the following instructions requested by defendants, 'In this case you are instructed to return a verdict for defendants,' because: (1) Defendant Missouri, Kansas & Texas Railway Company would be liable only in the event that the Missouri, Kansas & Texas Railway Company of Texas would be liable; and said last-mentioned company would be liable, if at all, only in case betterments were made upon the road by the receivers while it was in their hands, and returned to it with such betterments, and there was no pleading or evidence whatever of such betterments being made on the road, nor any pleading nor evidence showing the application of any earnings by the receivers to the betterments of the road. (2) The evidence showed that the wreck was caused by reason of a drawhead having pulled out; that the receivers had made a careful and proper inspection, and failed to find any defect in the drawhead; and the evidence failed to show any negligence upon the part of the receivers, causing the injury. (3) If plaintiff had a cause of action because of the defective condition of the track, the same was barred by the statute of limitations. Sixth. The court erred in this paragraph of his charge: 'You are instructed that it was the duty of Eddy and Cross, operating this road, to furnish the employés a reasonably safe roadbed, and reasonably safe appliances; and, if the injury occurred to plaintiff in consequence of neglect to do either of these two things, he would have a cause of action, unless defeated under the instructions that I hereafter give you,'—because there was no evidence that any defect in the roadbed had aught to do with bringing about the injury, but on the contrary the same was shown to have been caused by a drawhead pulling out, which was a matter of pure accident. Seventh. The court erred in the following paragraph of his charge, as hereinafter shown: 'Therefore the only question left for your consideration is whether the accident was the result of a defective track. If you believe from the evidence that the train was derailed, not in consequence of the drawhead pulling out, but in consequence of a defective track, plaintiff would be entitled to recover, unless you believe from the evidence that the general condition of the track was known to plaintiff before he entered the employment of the company. If you believe from the evidence that he did know the general condition of the track, or knew it was bad, and voluntarily entered into the service of the company, then he would assume the risks incident to such condition. If he knew that, he could not recover. If he did not know it, and entered into the service, and the wreck was caused by that condition of the track, he could recover under the measure of damages as I shall hereinafter instruct you.' Said charge was erroneous in this: that the evidence clearly showed that, even if the track was defective, such defect in no way brought about the injury, or the derailment of the train, but that such derailment was caused by a drawhead pulling out, and that this drawhead was in proper condition, and that the defendants, and none of them, were in any way negligent concerning it. Eighth. The court erred in the following charge, as hereinafter shown: 'And to recapitulate the matter: In your deliberations, determine whether the wreck was the result of the bad condition of the track, or the defective condition of the drawhead. If you find it was caused by a defective drawhead, find for the defendant. If you find that it was not that, but was the result of the defective condition of the track, in that case determine whether or not defendant used reasonable care to provide a reasonably safe roadbed. If you find that was done by the defendant, though you find the accident was caused by a defective track, you will find for the defendant. If you find that the master did not use that care, and the accident was the

result of the defective condition of the track, plaintiff would be entitled to recover, unless you find that he knew that the track was in bad condition.' Said charge was error, in this: that the evidence clearly showed that the track, if defective, in no way caused the derailment of the train, or brought about the injury, but that the same was caused by means of the drawhead pulling out, and that, as to this, defendants and none of them were in any way guilty of negligence. Ninth. The court, after having refused a peremptory instruction to find for the defendants, and having charged the jury as above shown, erred in refusing to give the following charge asked by defendants: 'In this case, it appearing that no claim of negligence, as to a bad track, was made until more than one year after plaintiff received his injuries, and that the only claim of liability against the defendants Eddy and Cross was on account of a defective drawhead and appliances, you are therefore to eliminate from your consideration all testimony as to the condition of the track; and though you should find said track to have been in bad condition, and the wreck caused thereby, you cannot therefore find for plaintiff,'—because it clearly appeared from the evidence that plaintiff received his injuries on the 1st day of September, 1890; that in his original petition, filed within one year, his · only claim of a cause of action against defendants was on account of an alleged defect in the drawhead, and its pulling out and striking the track; that he made no claim on account of any defect in the track until the 23d day of August, 1892, more than one year after his injury, and the accrual of his right of action; and that, therefore, his cause of action because of any defect in the track was barred by the statute of limitations. Tenth. There was error in this: Because in this case it appears from the record that the judgment was given for the plaintiff, J. M. Evans, whereas, by the laws of the land, and under the facts in the case, it should have been given for defendants. Wherefore defendants pray that the judgment aforesaid may be reversed, annulled, and held for naught, and that they may be restored to all the rights and things they have lost by reason thereof."

All of the questions presented by the assignment of errors were duly made in the circuit court, and the adverse rulings thereon are duly shown by exceptions made and saved on the trial.

Whereupon, the court desiring the instructions of the honorable the supreme court of the United States for the proper decision of the questions arising herein, it is hereby ordered that the following questions and propositions of law be certified to the honorable the supreme court of the United States, in accordance with the provisions of section 6 of the act entitled "An act to establish circuit courts of appeals and define and regulate, in certain cases the jurisdiction of the circuit courts of the United States, and for other purposes," approved March 3, 1891, to wit:

1. Under the facts of the case, as shown by the pleadings and hereinbefore recited, was the Missouri, Kansas & Texas Railway Company of Texas properly made a co-defendant with the receivers, Cross and Eddy?

2. Under the facts of the case, as shown by the pleadings and hereinbefore recited, had the circuit court of the United States for the Eastern district of Texas jurisdiction and authority to try and determine the issues arising on the record between the plaintiff, Evans, and the defendant the Missouri, Kansas & Texas Railway Company of Texas, and give judgment accordingly?

3. If the first and second questions, or either of them, shall be answered in the negative, has this court, under the writ of error jointly sued out by the receivers, Cross and Eddy, and the Missouri, Kansas & Texas Railway Company of Texas, jurisdiction and authority

to reverse in toto the judgment of the circuit court, and direct a dismissal of the case as against the Missouri, Kansas & Texas Railway Company of Texas, and award a new trial as against Eddy and Cross, receivers?

4. In case this court is without authority to reverse the judgment of the circuit court in favor of Cross and Eddy, receivers, the same not having been complained of by the defendant in error, and in case the first two questions herein certified shall be answered in the negative, has this court authority to reverse the judgment of the circuit court, and remand the cause, with instructions to remand the whole cause back to the state court from which it was originally removed?

It is further ordered that certified copies of the printed record and briefs on file in this case be transmitted, with this certificate, to the honorable the supreme court of the United States.